IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ARNELL X. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  08-3139 |
| ) | |
| LISA MADIGAN, ) | |
| ) | |
| Respondent. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Arnell Williams' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 1) (Petition) and Respondent's Motion to Dismiss Untimely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244(d) (d/e 4) (Motion to Dismiss). According to the Motion to Dismiss, Williams is currently imprisoned at the Western Illinois Correctional Center, where J. R. Walls is the warden. Thus, Walls is substituted for Illinois Attorney General Lisa Madigan as Respondent in this matter.  See Rule 2(a) of the Rules Governing Section 2254 Cases; see also Bridges v. Chambers, 425 F.3d 1048 (7th Cir. 2005). For the reasons set forth below, the Motion to Dismiss is allowed, and

1

Williams' Petition is dismissed.

## BACKGROUND

Williams was convicted in January 2000 of attempted first degree murder, aggravated battery with a firearm, and unlawful possession of a weapon by a felon in the Circuit Court of Sangamon County, Illinois. He was subsequently sentenced to thirty years imprisonment. Williams appealed his conviction to the Illinois Appellate Court for the Fourth District, which affirmed in an order dated October 3, 2002. Petition, p. 16-24. Williams then filed a Petition for Leave to Appeal (PLA), which the Illinois Supreme Court denied on February 5, 2003. People v. Williams, 787 N.E.2d 180 (Ill. 2003) (Table). Williams did not petition the United States Supreme Court for certiorari.

Williams filed a state post-conviction petition which was denied by the Circuit Court on March 5, 2004. Williams appealed to the Illinois Appellate Court for the Fourth District, which affirmed in an order dated June 8, 2005. Williams filed a PLA, which the Illinois Supreme Court denied on March 29, 2006. People v. Williams, 850 N.E.2d 813 (Ill. 2006) (Table). Williams did not petition the United States Supreme Court for certiorari.

Williams then filed the pending Petition, which raises three grounds for relief. Williams asserts that habeas relief is appropriate because: (1) he was denied effective assistance of counsel with respect to his post-conviction petition; (2) he was denied a fair trial when the trial judge allowed him to be impeached with his prior conviction for unlawful use of a weapon; and (3) he was denied a fair trial when the trial judge failed to rule on an oral motion to suppress and appellate counsel was ineffective in failing to raise this issue on appeal. The Petition does not contain a certificate of mailing, but it is signed by Williams and dated June 19, 2008. Williams confirms in his Response that his Petition was mailed on or after June 19, 2008. <u>Response to Respondent's Motion to Dismiss Untimely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244(d)(1)(A) (d/e 6) (Response)</u>, p. 3. The Petition was filed by this Court on June 24, 2008, although the Court recognizes that the mailbox rule sets the operative date for determining when a pro se prisoner's habeas petition is filed as the date on which it is delivered to the proper prison authorities for mailing. <u>Jones v. Bertrand</u>, 171 F.3d 499, 501-02 (7th Cir. 1999). Respondent asserts that Williams' Petition is untimely and seeks its dismissal.

## ANALYSIS

Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to applications for federal habeas corpus relief from a state court judgment. This limitations period runs from the latest of four expressly identified dates. 28 U.S.C. §§ 2244(d)(1)(A)-(D). The statute expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The Court must first determine the date on which Williams' limitations period began to run. It is clear that 28 U.S.C. §§ 2244(d)(1)(B) & (C) are not applicable to the instant case. Williams cites both 28 U.S.C. §§ 2244(d)(1)(A) & (D) as applicable. Under § 2244(d)(1)(A), the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Williams' conviction became final on May 6, 2003, when the ninety-day time period to seek review in the United States

4

Supreme Court expired.[1]  Sup. Ct. R. 13; Tucker v. Kingston, 538 F.3d 732, 733 (7th Cir. 2008).  Thus, the limitations period began to run on May 6, 2003; however, that period is necessarily tolled during the pendency of Williams' state post-conviction petition.

It is unclear from the record exactly when Williams' post-conviction petition was filed, but it appears to have been pending prior to March 5, 2003.  See Petition, p. 27.  Thus, the Court excludes from its computation the time from May 6, 2003, until March 29, 2006, the time during which Williams' post-conviction petition was pending.  Both parties mistakenly use the date March 29, 2007 in their arguments as the date on which the PLA was denied on Williams' post-conviction petition.  It is clear that the PLA was denied on March 29, 2006.  People v. Williams, 850 N.E.2d 813 (Ill. 2006) (Table).  Thus, under 28 U.S.C. §§ 2244(d)(1)(A) & (d)(2), Williams had one year from March 29, 2006, or until March 29, 2007, to

---

[1]The Court turns briefly to Ground One of Williams' Petition, in which he claims that he was denied effective assistance of counsel with respect to his state post-conviction petition.  While this alleged error occurred after Williams' conviction became final, it does not alter the time computation.  An ineffective assistance of counsel claim is not available under § 2254 when directed at the performance of counsel in a post-conviction proceeding because a habeas petitioner has no constitutional right to effective counsel in a post-conviction proceeding.  28 U.S.C. § 2254(I); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir.1990).  As a result, the claim raised as Ground One must be dismissed.

file his Petition. Williams urges the Court to extend the tolled period for ninety days, to account for the time during which he could have, but failed to, file a petition for certiorari relating to the denial of his post-conviction petition. It is well-established in the Seventh Circuit that the limitations period is not tolled during the time a state post-conviction petitioner could have, but did not, file a petition for certiorari with the United States Supreme Court. Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000). Moreover, even if available, a ninety-day extension would extend the limitations period only into June 2007, and Williams' Petition was not mailed until June 2008.

    Under § 2244(d)(1)(D), the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." If this date is later than the date established under § 2244(d)(1)(A), it should be used as the starting point for the limitations period. Williams asserts that he did not discover the basis for Ground Three, i.e. that the trial judge failed to rule on his motion to suppress, until the appeal of his post-conviction petition. Assuming that this is true, it does not save Williams' claim. The trial court's failure to rule on Williams' motion to suppress should have been

immediately apparent with the exercise of due diligence. Williams himself admits that, with due diligence, this omission could have been discovered prior to or during his direct appeal. Response, p. 3. Thus, § 2244(d)(1)(D) does not apply in Williams' case. As set forth above, under § 2244(d)(1), Williams had one year from March 29, 2006, to file his Petition. He failed to do so.

Williams asserts that equitable tolling should apply to save his claims. Recently, the Supreme Court assumed, without deciding, that equitable tolling principles are available to habeas petitioners. Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007). Williams, however, fails to satisfy the standard necessary to qualify for equitable tolling. In order for equitable tolling to apply, Williams must show that: (1) he has been diligently pursuing his rights, and (2) some extraordinary circumstance stood in his way and prevented a timely filing. Id. Equitable tolling is "granted sparingly" and "only when extraordinary circumstances far beyond the litigant's control . . . prevented timely filing." Wilson v. Battles, 302 F.3d 745, 749 (7th Cir. 2002) (internal quotations and citation omitted). The record in the instant case reveals no extraordinary circumstance. Thus, equitable tolling does not apply. Williams' Petition is untimely and must

be dismissed.

THEREFORE, as set forth above, Warden J. R. Walls is substituted for Illinois Attorney General Lisa Madigan as Respondent in this matter. Respondent's Motion to Dismiss Untimely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244(d) (d/e 4) is ALLOWED. Petitioner Arnell Williams' Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 1) is DISMISSED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   October 10, 2008

       FOR THE COURT:

                                 s/ Jeanne E. Scott
                                 JEANNE E. SCOTT
                                 UNITED STATES DISTRICT JUDGE