IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ARNELL X. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 08-3139 |
| | ) | |
| J. R. WALLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Arnell Williams has filed a Motion for Certificate of Appealability (d/e 10) and a Court-ordered supplemental Motion for Issuance of a Certificate of Appealability (d/e 12) (collectively, Williams' COA Request). Also pending is Williams' Motion for Leave to Appeal in Forma Pauperis (d/e 13) (IFP Motion). For the reasons set forth below, Williams' COA Request is denied, as is his IFP Motion.

Williams was convicted in January 2000, of attempted first degree murder, aggravated battery with a firearm, and unlawful possession of a weapon by a felon in the Circuit Court of Sangamon County, Illinois. He was subsequently sentenced to thirty years imprisonment. Williams

1

appealed his conviction to the Illinois Appellate Court for the Fourth District, which affirmed in an order dated October 3, 2002. <u>Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (d/e 1) (Petition)</u>, p. 16-24. Williams then filed a Petition for Leave to Appeal (PLA), which the Illinois Supreme Court denied on February 5, 2003. <u>People v. Williams</u>, 787 N.E.2d 180 (Ill. 2003) (Table). Williams did not petition the United States Supreme Court for certiorari.

Williams filed a state post-conviction petition which was denied by the Circuit Court on March 5, 2004. Williams appealed to the Illinois Appellate Court for the Fourth District, which affirmed in an order dated June 8, 2005. Williams filed a PLA, which the Illinois Supreme Court denied on March 29, 2006. <u>People v. Williams</u>, 850 N.E.2d 813 (Ill. 2006) (Table). Williams did not petition the United States Supreme Court for certiorari. Williams then filed his <u>pro se</u> Petition, which was docketed by this Court on June 24, 2008. Although the Petition does not contain a certificate of mailing, Williams concedes that his Petition was mailed on or after June 19, 2008.

Respondent moved to dismiss Williams' Petition as untimely. The Court determined that 28 U.S.C. § 2244(d)(1)(A) governed the calculation

of the statue of limitations in Williams' case. Under § 2244(d)(1)(A), the limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Court determined that Williams' conviction became final on May 6, 2003, when the ninety-day time period to seek review in the United States Supreme Court expired, citing Sup. Ct. R. 13 and the Seventh Circuit decision in Tucker v. Kingston, 538 F.3d 732, 733 (7th Cir. 2008). Thus, the Court held that the limitations period began to run on May 6, 2003, but noted that the period was necessarily tolled during the pendency of Williams' state post-conviction petition. Based on the record evidence, the Court excluded from its computation the time from May 6, 2003, to March 29, 2006, the time during which Williams' post-conviction petition was pending. The Court concluded that Williams had one year from March 29, 2006, or until March 29, 2007, to file his Petition, but that he failed to do so. Williams asked the Court to extend the tolled period for ninety days to account for the time during which he could have, but failed to, file a petition for certiorari relating to the denial of his post-conviction petition. The Court noted that it was well-established in the Seventh Circuit that the limitations period is not tolled during the time a

state post-conviction petitioner could have, but did not, file a petition for certiorari with the United States Supreme Court and, furthermore, that such an extension would extend the limitations period only into June 2007. See Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000). The Court rejected Williams' argument that 28 U.S.C. § 2244(d)(1)(D) applied to extend the limitations period and his assertion that equitable tolling should apply.

Williams seeks to appeal the dismissal of his Petition. Appellate proceedings on collateral review, however, cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). If a petitioner requests a COA, the district judge who rendered the judgment must either issue a COA or state why a certificate should not be issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2254 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In cases such as the instant one, the Supreme Court has instructed as follows:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner

> shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Williams asserts that this Court erred in calculating "when the Statute of Limitation be gan [sic] to run, where the petitioner was not given credut [sic] for the 90 days in which to file a Writ of Cert. to the United States Supreme Court on his Direct Appeal." Motion for Issuance of a Certificate of Appealability, p. 2. Reasonable jurists would not disagree with this Court's calculation of the limitations period in the instant case. First, the Court included the ninety-day time period Williams could have, but did not, seek United States Supreme Court review on direct appeal in determining that Williams' conviction became final on May 6, 2003. To the extent Williams is referring to the period during which he could have, but did not, seek United States Supreme Court review of the denial of state post-conviction relief, as the Court previously noted, it is well-established in the Seventh Circuit that the limitations period should not be tolled in such cases. Gutierrez, 233 F.3d at 492. Williams' COA Request is denied.

Williams' IFP Motion is also pending before the Court. In a Text

Order, dated December 3, 2008, this Court noted that the IFP Motion did not contain information sufficient to allow the Court to fully analyze Williams' request to proceed in forma pauperis on appeal. The Court granted Williams until December 30, 2008, to supplement his IFP Motion; however, he has failed to do so. The information presented in his IFP Motion reveals that, while Williams has no prison job assignment, he receives approximately $50.00 per month from his family and another $10.00 a month from the State. Williams has provided no information regarding his expenses or the current available balance in his prison account. Therefore, based on the information presented, the Court cannot conclude that Williams is sufficiently lacking in resources such that he should be allowed to proceed in forma pauperis on appeal, and his IFP Motion is denied.

THEREFORE, Williams' Motion for Certificate of Appealability (d/e 10), the Court-ordered supplemental Motion for Issuance of a Certificate of Appealability (d/e 12), and Williams' Motion for Leave to Appeal in Forma Pauperis (d/e 13) are DENIED. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: January 22, 2009

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
